UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| ROBIN HURLBURT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17 CV 2733 JMB |
| | ) | |
| LOHR DISTRIBUTING CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Lohr Distributing Co., Inc.'s ("Defendant") Partial Motion to Dismiss Plaintiff's Complaint and to Strike Portions of Complaint (ECF No. 9). Plaintiff Robin Hurlburt ("Plaintiff") has filed a response in opposition and the issues are fully briefed. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). For the reasons set forth below, the Court grants Defendant's partial motion to dismiss and denies the motion to strike. As a result, Plaintiff's remaining claims in this case are her termination claims under Counts I, II and VI.

**I.      Background**

On November 17, 2017, Plaintiff filed a Complaint, alleging claims under the Missouri Human Rights Act § 213, Mo. Rev. Stat. ("MHRA") and the Age Discrimination in Employment Act ("ADEA") (Count I), claims of sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") (Counts II and VI), claims under the Occupational Health and Safety Act ("OSHA") (Count III), claims under Missouri common law for negligence and defamation (Counts IV and V), and claims under 42 U.S.C. § 1981 ("§ 1981") (Count VI) (Complaint, ECF No. 1). In the "Nature of the Action" section, Plaintiff alleges a claim under 42 U.S.C. § 1983

1

("§ 1983"). Plaintiff also alleges that "Defendant created, maintained, and subjected Plaintiff to a hostile and discriminatory work environment, wherein she was repeatedly sexually harassed and intimidated over the course of several years, by several of Defendant's agents, including Plaintiff's direct and indirect supervisors. In addition, Plaintiff was discriminated against for her age, and ultimately was terminated from her employment because of her age and sex." (Id. at ¶ 3) Plaintiff seeks to "recover compensatory damages for past and future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses" and "such other and further relief as the Court deems just and necessary in order to make Plaintiff whole." (Id. at ¶¶ 11-12, 13, 14, 15, 16, and 17)

## II.    Allegations in the Complaint

For purposes of the motion now before the Court, the record set forth in the Complaint (ECF No.1) establishes the following facts:[1]

After hiring Plaintiff on December 27, 2013, Defendant's agent trained Plaintiff as a truck driver and a warehouse worker. (ECF No.1, Complaint at ¶¶ 1-2) Plaintiff elected to work in a warehouse. (Id. at ¶ 10) After working in that capacity for two months, Defendant relocated a male employee to Plaintiff's warehouse location and forced Plaintiff to work as a truck driver at the Overland, Missouri location. (Id. at ¶¶ 12-15) While working at the Overland location, Terry Moore ("Moore"), Plaintiff's supervisor, routinely harassed and verbally abused Plaintiff. (Id. at ¶ 16)

In October 2014, Defendant relocated Plaintiff by assigning her to the South County location. (Id. at ¶ 24) As the busy season approached, Defendant hired more truck drivers to

---

[1] For purposes of ruling on the motion, the Court accepts as true the allegations in the complaint and construes the complaint in Plaintiff's favor. See, e.g., Warth v. Seldin, 422 U.S. 490, 501 (1975); Cole v. Homier Dist. Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010).

2

complete the extra workload.  (Id. at ¶ 25)  Despite her seniority, Defendant reassigned Plaintiff's route to a newly hired male colleague and assigned Plaintiff to fill-in routes located in crime-ridden areas.  (Id. at ¶¶ 26-27)

In November 2014, Defendant significantly reduced Plaintiff's work hours after determining there was not as much work as anticipated but Defendant did not cut hours of less tenured male employees.  (Id. at ¶ 30)  Even though Plaintiff requested to perform custodial work to increase her work hours, Defendant rejected her request and assigned additional custodial and non-custodial hours to male employees.  (Id. at ¶¶ 32-33)  Thereafter, "in and around November 2014," Defendant demanded that Plaintiff accept the Cape Girardeau driving route after the assigned driver quit.  (Id. at ¶¶ 34-35)  Despite having more tenure than the previously assigned male driver for that route, Defendant paid Plaintiff $1.00 less per hour.  (Id. at ¶ 37)  Although Plaintiff requested to be reassigned to a St. Louis route, Defendant assigned newly hired male employees to the St. Louis routes.  (Id. at ¶¶ 38-39)

In August 2015, Defendant assigned a newly hired male employee to the full-time Cape Girardeau route and assigned Plaintiff to a part-time position in the South County warehouse, reducing her schedule to three days a week.  (Id. at ¶¶ 41-42)  In February 2016, after the newly hired male employee quit, Plaintiff's supervisor advised Plaintiff that she had to take over the Cape Girardeau route or be terminated if she refused.  (Id. at ¶¶ 50-51, 57)

In May 2016, Defendant promoted a new hire to supervisor and assigned Plaintiff to a warehouse position, working four days a week.  (Id. at ¶¶ 58-59)  Defendant advised Plaintiff that she could not work more than thirty hours a week even though newly hired part-time male employees were allowed to work more than thirty hours a week.  (Id. at ¶¶ 60-61)  Although Plaintiff requested to work more than thirty hours a week, Defendant denied her requests.  (Id. at

3

¶¶ 62-63) Once when requesting to work additional hours, Moore replied that Plaintiff "can always lay on [her] back to make some extra money" and that "if [he] were a woman, [he] would be a prostitute." (Id. at ¶ 64) On another occasion, after hearing Plaintiff was moving out of her boyfriend's residence, Moore asked Plaintiff if she was "going to keep her f*ck partner" in front of another employee. (Id. at ¶ 65)

Daulton Morrison ("Morrison") repeatedly harassed Plaintiff on a busy day by ordering Plaintiff to "move [her] old ass" and called Plaintiff "stupid and old." (Id. at ¶¶ 68-69) Plaintiff reported Morrison's behavior to their supervisor, John Troxel ("Troxel") but Troxel, a friend of the other employee, did not take any action in response to Plaintiff's complaints. (Id. at ¶¶ 70-71)

In January 2017, Plaintiff missed a week of work due to illness. (Id. at ¶¶ 74, 76) Plaintiff informed her supervisor that she would not be able to work and provided a doctor's excuse upon her return. (Id. at ¶ 75) A week after her return, Plaintiff missed another day of work due to illness. (Id. at ¶ 77) When Plaintiff returned to work on February 6, 2017, Cory Wallis terminated Plaintiff with her age and gender being the motivating factors. (Id. at ¶¶ 78, 84, 91)

### III. Legal Standards

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint. To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff need not provide specific facts in support of his allegations, Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam), but "must include

sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8h Cir. 2008) (citing Twombly, 550 U.S. at 555 & n.3).  This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.  A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory."  Id. at 526 (quoted case omitted).  This standard "simply calls for enough facts to raise reasonable expectation that discovery will reveal evidence of [the claim or element]."  Id. at 556.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable" id., and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief.  Id. at 555-56.  The principle that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Iqbal, 556 U.S. at 678-79 (stating "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").  Although legal conclusions can provide the framework for a complaint, they must be supported by factual allegations.  Id. at 679.  Plausibility is assessed by considering only the materials that are "necessarily embraced by the pleadings and exhibits attached to the complaint[.]"  Whitney v. Guys, Inc., 700 F.3d 1118, 1128 (8th Cir. 2012) (quoted case omitted).  The plausibility of the plaintiff's claim is reviewed "as a whole, not plausibility of each individual allegation."  Zoltek Corp. v. Structural Polymer Grp., 592 F.3d 893, 896 n.4 (8th Cir. 2010).

Rule 12(f) provides that courts may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Courts enjoy liberal discretion to strike pleadings under Rule 12(f). Nationwide Ins. Co.v. Cent. Mo. Elec. Co-op, Inc., 278 F.3d 742, 748 (8th Cir, 2001). Motions to strike are not favored and are infrequently granted, because they propose a drastic remedy. BJC Health Sys. v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007) ([S]triking a party's pleading … is an extreme and disfavored measure."); Stanbury Law Firm, P.A. v. Internal Rev. Serv., 221 F.3d 1059, 1063 (8th Cir. 2000). A matter should not be stricken "unless it clearly can have no possible bearing on the subject matter of the litigation and the inclusion prejudices the defendants." Mecklenburg Farm, Inc. v. Anheuser-Busch, Inc., 2008 WL 2704481, at *5 (E.D. Mo. July 2, 2008); see also 5C Charles A. Wright and Arthur Miller, Federal Practice and Procedure 1381 ("Rule 12(f) motions are not granted in the absence of a showing of prejudice to the moving party."). The prejudice requirement is satisfied if striking the matter would "prevent a party from engaging in burdensome discovery, or otherwise expending time and resources litigating irrelevant issues that will not affect the case's outcome." Cynergy Egronomics, Inc. v. Egronomic Partners, Inc., 2008 WL 2817106, at *2 (E.D. Mo. July 21, 2008).

A Rule 12(f) movant "bears the burden of demonstrating that the challenged allegations are unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." Kramer & Frank, P.C. v. Wibbenmeyer, 2006 WL 30790907, at *2 (E.D. Mo. Oct. 27, 2006). "Nevertheless, a motion to strike should be granted if it may have the effect of making the trial of the action less complicated, or it may have the effect of otherwise streamlining the ultimate resolution of the action." Id. (internal citations and quotations omitted).

**IV.     Partial Motion to Dismiss and to Strike Portions of Complaint**

Defendant argues that Plaintiff cannot establish that Defendant was a state actor and that Defendant's actions were under color of state law.  Next, Defendant argues that Plaintiff's claims of sex and age discrimination in violation of the MHRA (Count I) should be dismissed because Plaintiff failed to timely exhaust her administrative remedies.  Defendant also seeks dismissal of Plaintiff's claims under the ADEA (Count I) and Title VII (Count II) because Plaintiff failed to timely exhaust her administrative remedies.  Defendant also seeks dismissal of Plaintiff's prayer for compensatory and punitive damages under the ADEA because these remedies are not available under the statute.  As to the OSHA claim (Count III), Defendant argues this claim should be dismissed because OSHA does not create a private right of action under which Plaintiff may maintain suit.  Defendant argues Plaintiff's negligence claims (Count IV) should be dismissed because the MHRA and the Missouri Workers Compensation Act are her exclusive remedies.  As to Plaintiff's defamation claims (Count V), Defendant argues that her claims should be dismissed because the statements fell outside the statutory limitations period, were not false statements, did not result in damages, and some statements were not published.  Finally, Defendant contends that Plaintiff's Title VII claims (Count VI) should be dismissed because they are not administratively exhausted and untimely, and her § 1981 claim should be stricken because Plaintiff does not allege racial discrimination.  Defendant also moves to strike from the Complaint paragraphs 7-65 and portions of paragraphs 83, 85, 91-92, and 116.

In her opposition, Plaintiff concedes that her claims under 42 U.S.C. §§ 1981 and 1983 (Count VI and Nature of the Action) and her MHRA (Count I), OSHA (Count III), negligence (Count IV), and defamation (Count V) claims should be dismissed "in the interest of candor and

7

judicial efficiency" and does not oppose dismissal of these claims.  (ECF No. 19 at 4)  Likewise, Plaintiff concedes that she cannot recover punitive damages under her ADEA claim.

Plaintiff contends that she had pled hostile work environment discrimination claims that are not "temporally constrained to just those specific acts occurring within 300 days of Plaintiff's EEOC filing…."  (Id. at 3)

Plaintiff argues that none of the paragraphs in the Complaint should be stricken because "the facts … are closely related to each other, to each of the alternative legal theories, and to the Court's forming a whole and cogent understanding of Plaintiff's causes of action."  (Id. at 6)  Plaintiff asserts that the allegations in the Complaint serve to achieve a better understanding of her claims for relief, and Defendant has not shown any resulting prejudice.

In response, Defendant contends that Plaintiff's claims of hostile work environment based on age or sex are untimely, are not administratively exhausted, cannot support a continuing violation theory, and should be dismissed.  Defendant argues that Plaintiff's allegations regarding discriminatory reassignments to routes and schedules and harassment were discrete and sporadic acts, and therefore, do not support a continuing violation.  Defendant further argues that Plaintiff improperly relies on her termination to render untimely allegations actionable.  Defendant argues that although Plaintiff concedes that many of her claims fail to state a claim for which relief may be granted, Plaintiff seeks to retain the factual allegations as support for her ADEA and Title VII sex discrimination claims and her discriminatory termination claim.  Defendant argues that Plaintiff's OSHA, defamation, and negligence claims have no essential or important relationship to her remaining discrimination claims and do not pertain to the issues in question and should be stricken.

**V.     Discussion**

    **A. Claims Under 42 U.S.C. § 1983 and 42 U.S.C. § 1988**

In Count I, Plaintiff alleges claims against Defendant under 42 U.S.C. §§ 1983 and 1988. Defendant argues that Plaintiff cannot establish that Defendant was a state actor and that Defendant's actions were under color of state law. In her opposition, Plaintiff indicated that she does not oppose Defendant's request to dismiss her § 1983 claim. Accordingly, the Court will grant Defendant's motion to dismiss Plaintiff's § 1983 claim.

Plaintiff lists 42 U.S.C. § 1988 as a basis for federal jurisdiction over her claims in the "Jurisdiction and Venue" section of her Complaint. (ECF No. 1 at ¶ 4) As to the contention that 42 U.S.C. § 1988 confers jurisdiction, the Supreme Court in Moor v. County of Alameda, 411 U.S. 693 (1973) said "Section 1988, as is clear from its legislative history, does not independently create a federal cause of action for the violation of federal civil rights…." Id. at 702. "Rather, as is plain on the face of the statute, the section is intended to complement the various acts which do create federal causes of action for the violation of federal civil rights." Id.; see also Keene Corp. v. Judge J.E. Cass, 908 F.2d 293, 298 (8th Cir. 1990) ("[S]ection 1988 does not by its terms confer subject matter jurisdiction upon federal courts, but rather relies upon the provisions of other federal statutes, such as section 1983 read in conjunction with 28 U.S.C. § 1343 (1986) (civil rights and elective franchise jurisdictional statute), to confer subject matter jurisdiction."). Section 1988 provides that a prevailing party in certain civil rights actions may recover "a reasonable attorney's fee as part of the costs." Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 550 (2010).

Section 1988 could apply in the instant case only in association with some other cause of action. Because Plaintiff's § 1983 claim will be dismissed, Plaintiff cannot seek an award of

attorney's fees under § 1988. Accordingly, the motion to dismiss as directed to Plaintiff's § 1983 and § 1988 claims will be granted.

### B. Claims Under the Missouri Human Rights Act (Count I)

Defendant moves to dismiss Plaintiff's claims under the MHRA in Count I because Plaintiff failed to exhaust her administrative remedies.[2] In her opposition, Plaintiff indicated that she does not oppose Defendant's request to dismiss her MHRA claims. Accordingly, the Court will grant Defendant's motion to dismiss Plaintiff's MHRA claims.

### C. Claims Under the ADEA (Count I) and Title VII (Count II)

Defendant seeks dismissal of Plaintiff's claims under the ADEA (Count I) and Title VII (Count II) because Plaintiff failed to timely file a charge of discrimination for those claims. Defendant also moves to strike Plaintiff's prayer for compensatory and punitive damages with respect to her ADEA claim as not allowable by the statute. In opposition, Plaintiff argues that her allegations, taken as a whole, are elements of a discriminatory and hostile work environment which Plaintiff was subject to "repeatedly sexually harassed and intimidated over the course of several years." (Complaint, ECF No. 1 at ¶ 3). Plaintiff argues that the route reassignments, the assignment to a part-time position, and the reduction in her work hours were not discrete acts, but merely component acts of the same claim that culminated in her termination, and these acts

---

[2] Prior to initiating any civil lawsuit under Mo. Rev. Stat. § 213.065, complainant must file a complaint with the Missouri Commission on Human Rights ("MCHR") and obtain a right to sue letter. Mo. Rev. Stat. 213.111. The discrimination charge must be filed with the MCHR within 180 days of the date of the alleged act of discrimination. Id. at § 213.075. In the Notice of Termination of Proceedings ("Notice") (ECF No. 9-1) the MCHR found that it lacked jurisdiction because Plaintiff's complaint was not filed within 180 days of the alleged discrimination. See Reed v. McDonald's Corp., 363 S.W.3d 134, 143 (Mo. Ct. App. 2012) The MCHR Notice explained that any appeal from the untimeliness decision had to be filed in Cole County Circuit Court. Plaintiff did not appeal the decision to state court but instead filed the instant action. Accordingly, Defendant is correct in arguing that Plaintiff may not bring a claim for any acts that occurred earlier than 180 days before her MCHR charge.

10

were part of a continuing violation. In its Reply, Defendant contends that Plaintiff only alleges a number of separate, discrete acts unrelated to any act within the 300 day limitations period of her termination.

Both Title VII and the ADEA each require exhaustion of administrative remedies before filing a law suit in federal court. See 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(d)(1); e.g., Brooks v. Midwest Heart Grp., 655 F.3d 796, 800 (8th Cir. 2011) (Title VII); Anderson v. Durham D & M, L.L.C., 606 F.3d 513, 523 (8th Cir. 2010) (ADEA). Exhaustion requires (1) timely filing a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receiving notice of the right to sue. See 42 U.S.C. § 2000e-5(b), (e), (f)(1); 29 U.S.C. § 626(b), (d). A charge of discrimination under Title VII or the ADEA must be filed no more than 300 days after the alleged unlawful employment action. 42 U.S.C. § 2000e-5(e)(1); Richter v. Advance Auto Parts, Inc., 686 F.3d 847, 851 (8th Cir. 2012).

Plaintiff filed her EEOC Charge of Discrimination ("Charge") on August 8, 2017. (Complaint, ECF No. 1-1) According to the statute of limitations, only those allegedly unlawful employment acts occurring on or after October 21, 2016, were subject to administrative exhaustion through the Charge. Plaintiff's principal allegations are that Defendant discriminatorily reassigned her route four times (February, October and November 2014, and February 2016), with two accompanying reductions in work hours (November 2014 and August 2015) and a failure to increase her pay (November 2014). Plaintiff attempts to plead hostile work environment claims based on age and sex discrimination in Counts I and II by referencing a hostile and discriminatory work environment in the general allegations in the Nature of the Action in the Complaint. Plaintiff's termination on February 6, 2017, is the only alleged discriminatory act that occurred within the statutory limitations period.

While a circumstance may exist in which a termination is part of a continuing discriminatory practice, this case is not one of those situations. Although it is true that Plaintiff's Charge was timely filed with respect to her termination, the continuing violation theory does not apply to this case to save Plaintiff's remaining, untimely claims. The Supreme Court has explained that "discrete discriminatory acts are not actionable if time barred, even when they are related to the acts alleged in timely filed charges. Each discriminatory act starts a new clock for filing charges alleging that act." See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002) (Title VII context). "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice." Id. at 114; see also Williams v. Lender Processing Servs., Inc., 2013 WL 5739059, at *1 (E.D. Mo. Oct. 22, 2013) (dismissing claims under the MHRA for failure to train, failure to promote, constructive demotion, and failure to approve a pay raise because each claim involved discrete acts of discrimination rather than a continuing violation); Richter, 668 F.3d at 851 ("[Morgan] abrogates the continuing violation doctrine as previously applied to claims of discriminatory or retaliatory actions by employers, and replaces it with the teaching that each discrete incident of such treatment constitutes its own 'unlawful employment practice' for which administrative remedies must by exhausted." (quotation omitted)). Because "discrete acts that fall within the statutory time period do not make timely acts that fall outside the time period," Morgan, 536 U.S. at 112, only Plaintiff's termination claim is actionable. See Tisch v. DST Sys., Inc., 368 S.W.3d 245, 255 (Mo. Ct. App. 2012) (applying Morgan to conclude that complaints of demotion, denial of transfer, and failure to promote were all discrete acts of termination under MHRA and not subject to continuing violation theory).

The Morgan Court acknowledged an exception to its bar on the consideration of discriminatory actions that occur outside the statutory period, but solely for hostile work environment claims. Morgan, 536 U.S. at 117. "A charge alleging a hostile work environment claim … will not be time barred so long as all the acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period." Id. at 122; Rebouche v. Deere Co., 786 F.3d 1083, 1087 (8th Cir. 2015) (refusing to consider discriminatory actions that occurred outside of the statutory period because the plaintiff had not asserted hostile work environment claim); Rowe v. Hussman Corp., 381 F.3d 775, 779 (8th Cir. 2004) ("Because her charge alleged a hostile work environment – a claim based on the 'cumulative effect of individual acts – [the plaintiff's] hostile work environment claim was timely if 'an act contributing to [the] claim occur[ed] within the filing period….") (citation omitted).

Plaintiff is not entitled to rely on the exception that permits consideration of actions occurring outside the time period. Second, Plaintiff failed to allege or reference in her EEOC charge that Defendant had created a "hostile work environment." In the Charge, although Plaintiff identified the dates of discrimination starting on December 27, 2013, and ending on February 9, 2017, Plaintiff failed to check the box on the form for "continuing action," which would have indicated that she was alleging a continuing practice of discrimination. Plaintiff's Charge checked boxes indicated sex, age, retaliation, and other (equal pay) discrimination in relation to her termination. Although there is no "hostile work environment" box to check on the Charge, Plaintiff could have listed hostile work environment and checked the other box as she did for equal pay. Hostile work environment claims are not like or reasonably related to claims for wrongful termination. See, e.g., Gipson v. KAS Snacktime Co. 83 F.3d 225, 229 (8th Cir. 1996) (for a claim of hostile work environment "[t]o be properly exhausted [it] must be

separately raised in the administrative charge, because it is not reasonably related to a claim of discrete act of discrimination, such as [a termination]]") (abrogated on other grounds).

Applying these principles, the Court finds that all of the alleged pre-October 21, 2016, incidents fall into the category of discrete acts so Plaintiff may not now salvage any time-barred claims by asserting a continuing violation theory. The alleged route reassignments, failure to increase her pay, and reduction in work hours, were discrete adverse actions that had immediate and tangible effects on Plaintiff's employment and income. See Gipson. 83 F.3d at 229 (claim for assignment to a rural sales territory is time-barred as a discrete employment action); see, also, Gorokhovsky v. New York, 2011 WL 2019423, at *5 (S.D.N.Y. May 19, 2011) (finding that consistent with Morgan, "[i]t is well settled that failures to promote, discriminatory pay, job transfers, and unfavorable assignments are discrete acts that cannot form the basis of a continuing violation claim). Plaintiff knew of her reassignments to the alleged undesirable routes when these occurred in February, October and November, 2014, and February, 2016. The acts, whether wrongful or not, were discrete, completed acts at the time they occurred, and a full year and a half years before she filed her charge. Accordingly, Plaintiff's claims of discrimination as a result of being reassigned to different routes, failing to receive a pay increase, and reducing her in work hours, each were actionable at the time that they occurred, and Plaintiff's failure to assert administrative charges based on these "discrete acts" that occurred before the statutory time period began to run means that her time to do so for those actions has expired. Richter, 686 F.3d at 851; Betz, 578 F.3d at 937-38. Accordingly, these claims will be dismissed due to Plaintiff's failure to timely file a charge regarding these allegations in the Charge.[3]

---

[3] These acts, while not independently actionable, may still be properly used as background

As to Plaintiff's prayer for punitive relief and compensatory damages in Count I, Plaintiff correctly concedes that compensatory damages for pain and suffering are not available under the ADEA. Fiedler v. Indianhead Truck Line, Inc., 670 F.2d 806, 810 (8th Cir. 1982); see also Tucker v. Monsanto Co. 2007 WL 1686957, at *3 (8th Cir. 2007) ("the ADEA does not permit a separate recovery of compensatory damages for pain and suffering or emotional distress.") "[T]he ADEA does not allow for punitive damages or damages for pain and suffering. Rather, relief in ADEA actions is governed by specific damage provisions of the Act, which allow for lost wages and benefits, as well as liquidated damages, if a plaintiff can prove a willful violation." Logan v. Chertoff, 2008 WL 922329, at *3, n. 5 (E.D.Mo. Apr. 2, 2008) (citing 29 U.S.C. §§ 626(b) and (c)). Accordingly, Plaintiff's prayer for punitive relief and compensatory damages in Count I will be dismissed from Count I.

**D. OSHA Claims (Count III)**

In Count III, Plaintiff alleges Defendant provided an unsafe work environment by requiring Plaintiff to operate an unsafe truck with malfunctioning brakes and locks in violation of OSHA. Defendant argues these OSHA claims should be dismissed because OSHA does not create a private right of action under which Plaintiff may maintain suit. In her opposition, Plaintiff indicated that she does not oppose Defendant's request to dismiss her OSHA claims. Accordingly, the Court will grant Defendant's motion to dismiss Plaintiff's OSHA claims.[4]

---

evidence in support of Plaintiff's timely claim of age and sex discrimination arising out of her termination. See Morgan, 530 U.S. at 113.

[4] It is well-settled that OSHA does not provide a private cause of action for employees. See Chew v. Am. Greetings Corp., 754 F.3d 632, 637 (8th Cir. 2014) ("the regulations do not independently create private rights of action or impose alternate duties on defendants."); Johnson v. Stokes Contractor Servs., 2014 WL 4450532, at *3 (E.D. Mo. Sept. 10, 2014) ("[v]iolations of federal regulations may serve as evidence, but unless clearly indicated by Congress, they do not independently create private rights of action and therefore do not constitute a claim arising under the Constitution, law, or treaties of the United States.") (internal quotation omitted). Because

**E. Negligence Claims (Count IV)**

In Count IV, Plaintiff alleges a negligence claim. Defendant argues Plaintiff's negligence claims should be dismissed because the MHRA and the Missouri Workers Compensation Act are her exclusive remedies. In her opposition, Plaintiff indicated that she does not oppose Defendant's request to dismiss her negligence claims. Accordingly, Defendant's motion to dismiss Plaintiff's negligence claim in Count IV should therefore be granted.[5]

**F. Defamation Claims (Count V)**

In Count V of the Complaint, Plaintiff alleges that a cause of action for defamation, stating that "Defendant frequently and on many instances defamed Plaintiff" based on two statements[6] of sexual nature allegedly made by Moore, her supervisor at the Overland location from February through October 2014. (ECF No. 1 at ¶ 64-65, 107-09) In seeking dismissal, Defendant argues that one statement was not published, and both statements were made outside of the statutory limitations period and fail to satisfy the falsity element and did not result in actual reputational damage. In her opposition, Plaintiff indicated that she does not oppose

---

Plaintiff cannot bring a private claim against Defendant based on an alleged OSHA violation, Count III fails to state an actionable claim for relief.

[5] The Missouri Workers' Compensation Law provides the exclusive remedy against employers for injuries covered by its provisions. Burns v. Smith, 214 S.W.3d 335, 337 (Mo. banc 2007). Pursuant to § 287.120, Mo. Rev. Stat., "The employer has a nondelegable duty to provide a reasonably safe place to work. Suits for breach of this duty are excluded by the workers' compensation law." Kelley v. DeKalb Energy Co., 865 S.W.2d 670, 672 (Mo. banc 1993) (internal citations omitted). Accordingly, Plaintiff's negligence claim in Count IV is barred by the exclusive remedy of the Workers' Compensation Act.

[6] Allegedly Moore suggested that Plaintiff "can always lay on [her] back to make some extra money, and that "if [he] were a woman, [he] would be a prostitute." (ECF No. 1 at ¶ 64) During conversation with Moore and another employee, Plaintiff shared that she was moving out from her boyfriend' s residence, and Moore asked Plaintiff if she was "going to keep her f*ck partner." Id. at ¶ 65.

Defendant's request to dismiss her defamation claims. Accordingly, Defendant's motion to dismiss Plaintiff's defamation claims in Count V should therefore be granted.[7]

### G. Title VII and § 1981 Claims (Count VI)

Defendant moves to dismiss Plaintiff's Title VII claims because Plaintiff failed to exhaust her administrative remedies with respect to the allegedly discriminatory acts, and to dismiss her § 1981 claims for failure to state a claim upon which relief may be granted. In her opposition, Plaintiff indicated that she does not oppose Defendant's request to dismiss her § 1981 claim. Accordingly, Defendant's motion to dismiss Plaintiff's § 1981 claim in Count VI should therefore be granted.[8]

Plaintiff's discrimination claims of reassigning Plaintiff to less desired routes despite her experience, paying her a lesser wage for the same work as her male co-workers, and reducing her work hours should be dismissed because all of these actions occurred more than 300 days prior to the filing of her EEOC Charge, and are accordingly time-barred. See Holland v. Sam's Club, 487 F.3d 641, 644 (8th Cir. 2007) (Title VII claims arising more than 300 days prior to filing of a charge of discrimination are not actionable).

---

[7] Plaintiff's defamation claims are barred by the two-year statute of limitations, Mo. Rev. Stat. § 516.140, State ex rel. BP Prods N. Am. v. Ross, 163 S.W.3d 922, 924 (Mo. banc 2005). Here, the only defamatory statements alleged by Plaintiff were made by Moore, her supervisor while Plaintiff worked at the Overland location. Plaintiff worked at the Overland location until October of 2014 when she was reassigned to the South City location. (ECF No. 1 at ¶ 24). Accordingly, any comments made by Moore while Plaintiff worked under his supervision would have been made more than two years prior to the applicable statutory limitation period to defamation claims under Missouri law thus the claims are untimely.

[8] Under 42 U.S.C. § 1981, "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts…." 42 U.S.C. § 1981. Section "1981 prohibits racial discrimination in 'all phases and incidents' of a contractual relationship" but "does not provide a general cause of action for race discrimination. Gregory v. Dillard's, Inc., 565 F.3d 464, 468 (8th Cir. 2009) (internal citation and quoted case omitted). Sex discrimination does not fall within the scope of § 1981. See Runyon v. McCrary, 427 U.S. 160, 168 (1976).

## VI.  Motion to Strike

Defendant seeks to strike from Plaintiff's Complaint paragraphs 7-65 and portions of paragraphs 83, 85, 91-92, and 116, referencing her dismissed claims and untimely claims as immaterial, scandalous or otherwise unrelated to the remaining claims.

"Parties filing a motion to strike under Fed.R.Civ.P. 12(f) bear the burden of providing the Court any reason why this language is immaterial, impertinent, or scandalous." Simms v. Chase Student Loan Servicing, LLC, 2009 WL 943552, at *2 (E.D.Mo. Apr. 6, 2009) (internal citation omitted). "District courts have harshly criticized motions to strike stating, indeed, motions to strike can be nothing other than distractions." Speraneo v. Zeus Tech, Inc., 2012 WL 2117872, at *1 (E.D. Mo. June 11, 2012) (internal citation omitted).

As the Eighth Circuit Court of Appeals has recognized, despite the broad discretion that district courts have in deciding a motion to strike, "striking a party's pleadings is an extreme measure, and, as a result, we have previously held that [m]otions to strike under Fed.R.Civ.P. 12(f) are viewed with disfavor and infrequently granted." Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000) (internal quotation omitted) ("Because the rule is stated in the permissive, however, it has always been understood that the district court enjoys liberal discretion thereunder."). A motion to strike should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy. N. Face Apparel Corp. v. Williams Pharmacy, Inc., 2010 WL 546928, at *1 (E.D. Mo. Feb. 9, 2010). Moreover, "even when technically appropriate and well founded, Rule 12(f) motions are not granted in the absence of a showing of prejudice to the moving party." Am. Home Assur. Co. v. Pope, 2005 WL 1312975, at *1 (W.D. Mo. June 1, 2005) (internal citations omitted). Applying these standards, the Eighth Circuit has ruled that even matters that are not strictly relevant to the

principal claim at issued should not necessarily be stricken, if they provide important context and background to claims asserted or are relevant to some object of the pleader's suit. Stanbury, 221 F.3d at 1063.

Although the allegations against Defendant and its employees set forth in the cited paragraphs are unflattering, the Court believes these allegations could be relevant because they may provide additional background and context of Plaintiff's wrongful termination claims in violation of Title VII and the ADEA.[9] After reviewing the cited paragraphs, the undersigned concludes that the language complained of here is not as redundant, impertinent, or scandalous as to warrant the extreme measure of striking. "[T]here appears to be general judicial agreement, as reflected by the extensive case law on the subject, that [motions to strike] should be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure, § 1382 (3d ed. April 2018 Update). Accordingly, the Court will deny Defendant's motion to strike, subject to reconsideration.

Based upon the foregoing,

**IT IS HEREBY ORDERED** that Defendant's Partial Motion to Dismiss Plaintiff's Complaint and to Strike Portions of Complaint (ECF No. 9) is GRANTED as follows:

1. The motion is GRANTED as to any claims under 42 U.S.C. §§ 1981, 1983 and 1988 (Count VI and Nature of Action), and any MHRA (Count I), OSHA (Count III), negligence (Count IV), and defamation claims (Count V).

2. The motion is GRANTED as to all claims under the ADEA (Count I) and Title VII (Counts II and VI) based upon acts allegedly occurring prior to October 21, 2106.

---

[9] The issues that Defendant raises now are better addressed once discovery is completed in a motion in limine.

3. Plaintiff's prayers for punitive damages and compensatory damages are dismissed.

4. Plaintiff shall file an Amended Complaint to bring it into compliance with the terms of this Memorandum and Order on or before August 30, 2018.

5. The motion to strike is DENIED, subject to reconsideration.

**IT IS FURTHER ORDERED** that this Court will issue an appropriate order of Partial Dismissal in accordance with this Memorandum and Order after Plaintiff's Amended Complaint is filed.

Dated this 15th day of August, 2018.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE