UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ROBIN HURLBURT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:17-cv-02733 |
| v. ) | |
| ) | |
| LOHR DISTRIBUTING CO., INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S MOTION FOR SANCTIONS AGAINST PLAINTIFF ROBIN HURLBURT AND/OR ATTORNEY DANIEL HARVATH FOR WILFULLY FAILING TO APPEAR FOR PLAINTIFF'S DEPOSITION**

COMES NOW, Defendant, Lohr Distributing (hereinafter, "Defendant"), by and through undersigned counsel, pursuant to Rules 37(d) Federal Rules of Civil Procedure and moves this Court to Sanction Plaintiff Robin Hurlburt and/or attorney Daniel Harvath for willfully failing and refusing to appear at Plaintiff's deposition. In support thereof, Defendant states as follows:

I. **RELEVANT ALLEGATIONS FROM PLAINTIFF'S COMPLAINT AND FIRST AMENDED COMPLAINT**

1. Plaintiff filed her two (2) Count First Amended Complaint in the instant matter on or about September 3, 2018 (Doc. #31).

2. In her First Amended Complaint Plaintiff alleges that she was paid less than and required to work less-preferential routes than similarly situated male and younger employees and was ultimately terminated from her employment with Defendant because of her age, in violation of the ADEA, and gender in violation of Title VII (Doc. #31).

3. Within her 188 paragraph Complaint and her 81 paragraph First Amended Complaint, Plaintiff made various factual allegations which this Court, in denying Defendant's Motion to Strike, determined "could be relevant because they may provide additional background and context of Plaintiff's wrongful termination claims in violation of Title VII and the ADEA." (Doc. # 29).

1

4. In her Complaint and First Amended Complaint Plaintiff made specific allegations of being harassed by various employees of Defendant during her employment with Defendant. (Docs. #1 and # 31).

5. Within Plaintiff's Complaint and First Amended Complaint, the name Corey Wallis is mentioned on only one (1) occasion wherein Plaintiff alleges: "On February 6, 2017, Plaintiff returned to work, was called into Cory Wallis' office, and was subsequently terminated from her job (Complaint Para. 78; and First Amended Complaint Para. 61).

6. Plaintiff's Complaint and First Amended Complaint fail to allege any inappropriate conduct or comments, harassing behavior or intimidating conduct on the part of Corey Wallis directed to or in the presence of Plaintiff (Docs. #1 and #31).

7. Within Plaintiff's Complaint and First Amended Complaint, the word "icicle" appears on only one (1) occasion wherein Plaintiff alleges: "Defendant's staff members also remarked that Plaintiff wanted to have sex with an icicle that was hanging outside (Complaint Para. 67; and First Amended Complaint Para. 50).

    II.    **RELEVANT WRITTEN DISCOVERY**

8. To date, the parties have conducted extensive written discovery in this case.

9. On or about May 21, 2018, Plaintiff served Plaintiff Robin Hurlburt's Response to Defendant's First Set of Interrogatories Directed to Plaintiff (Exhibit 1).

10. Plaintiff's Responses to Interrogatories include the following relevant Responses:

**INTERROGATORY 6:** Please describe in detail and separately each and every incident where Plaintiff claims she was discriminated against on the basis of her sex, including, but not limited to, a description of the discriminatory act or omission, the date(s) and individual(s) involved, and identify any witnesses thereto.

**ANSWER: Objection. This interrogatory is overly broad, unduly burdensome, and responsive information is contained in, or can be derived from, Plaintiff's Complaint Against Defendant Lohr Distributing Co., Inc.**

**INTERROGATORY 7:** Please describe in detail and separately each and every incident where Plaintiff claims she was discriminated against on the basis of her age, including, but not limited to, a description of the discriminatory act or omission, the date(s) and individual(s) involved, and identify any witnesses thereto.

**ANSWER: Objection. This interrogatory is overly broad, unduly burdensome, and responsive information is contained in, or can be derived from, Plaintiff's Complaint Against Defendant Lohr Distributing Co., Inc.**

**INTERROGATORY 8:** Please describe in detail and separately each and every incident of alleged harassment which Plaintiff alleges she was subjected to during her employment with Defendant, including, but not limited to, the date(s), the individual(s) involved, and the identity of any witnesses thereto.

**ANSWER: Objection. This interrogatory is overly broad, unduly burdensome, and responsive information is contained in, or can be derived from, Plaintiff's Complaint Against Defendant Lohr Distributing Co., Inc.**

(Exhibit 1).

11. On or about June 9, 2018, Defendant's counsel sent a "golden rule" letter to Plaintiff's counsel addressing, in part, Plaintiff's objection/response to Interrogatory Nos. 6, 7 and 8. Specifically, Defendant requested a description of each alleged action and that Plaintiff not "hide behind the general allegations of Plaintiff's Complaint" (Exhibit 2).

12. On or about July 20, 2018, Plaintiff's counsel responded to Defendant's "golden rule" letter and specifically with respect to Interrogatories No. 6, 7 and 8, stated as follows:

**Interrogatories No. 6, 7, 8, 10 and 16**
Interrogatory No. 6 states the following: "Please describe in detail and separately each and every incident where Plaintiff claims she was discriminated against on the basis of her sex, including, but not limited to, a description of the discriminatory act or omission, the date(s) and individual(s) involved, and identify any witnesses thereto."

Interrogatory No. 7 states the following: "Please describe in detail and separately each and every incident where Plaintiff claims she was discriminated against on the basis of her age, including, but not limited to, a description of the discriminatory act or omission, the date(s) and individual(s) involved, and identify any witnesses thereto."

Interrogatory No. 8 states the following: "Please describe in detail and separately each and every incident of alleged harassment which Plaintiff alleges she was subjected to during her employment with Defendant, including but not limited to, the date(s), the individual(s) involved and the identity of any witnesses thereto."

*\*\*\**

**As responses to No. 6, 7, 8, 10, 11 and 16, Plaintiff provided that responsive information is contained in or can be derived from, Plaintiff's Complaint Against Defendant Lohr Distributing Co., Inc.**

**Plaintiff withdraws her objection, and has no further information to supplement her previous response.**

**However, Plaintiff notes that what is provided in her response is what she recalls; she does not concede that there were no other instances of, *inter alia*, harassment, only that she has provided the instances she can readily recall.**

(Exhibit 3).

13. On or about August 28, 2018, Defendant served Defendant's Answers to Plaintiff's First Interrogatories (Ex. 4).

4

14. In Response to Plaintiff's Interrogatories, Defendant provided the following Answers:

**Interrogatory No. 7**. Identify all individuals who had input in the decision to terminate Plaintiff.

    **ANSWER:**    Bob Gassoff

                      Corey Wallis

(Exhibit 4).

15. In Answer to **Interrogatory No. 11**, Defendant identified Corey Wallis as Plaintiff's Supervisor between 4/1/2014 and 4/6/2015 and again between 9/28/2016 and 3/2017 (Ex. 4).

### III.   PLAINTIFF'S REFUSAL TO PARTICIPATE IN HER DEPOSITION

16. On or about November 30, 2018, Defendant's counsel served on Plaintiff's counsel a Notice of Deposition for Plaintiff Robin Hurlburt for December 12, 2018, beginning at 9:00 a.m. at the Law Offices of McMahon Berger, PC (Exhibit 5).

17. Between November 30, 2018 and December 12, 2018, there was no contact between counsel for Plaintiff and counsel for Defendant concerning Plaintiff's deposition.

18. On December 12, 2018, at Defendant's request and expense, Jeanne M. Pedrotty, Court Reporter, Veritext Legal Solutions, appeared for Plaintiff's deposition (Exhibit 6).

19. On December 12, 2018, Defendant's counsel, Robert D. Younger, and Defendant's Representative, Corey Wallis, appeared for Plaintiff's deposition (Exhibit 6).

20. It is noted that Mr. Wallis was Plaintiff's direct supervisor at the time of her termination, had input into the decision to terminate Plaintiff and was present when Plaintiff was informed of her termination and, as such, has a legitimate reason to be present on behalf of Defendant at Plaintiff's deposition (Exhibit 4; Doc. #1, para. 78; Doc. #31, para. 61).

21. On December 12, 2018, shortly before 9:00 a.m., counsel for Plaintiff, Daniel Harvath, requested to speak with Mr. Younger in the reception area at McMahon Berger, PC.

22. During this conversation between Mr. Harvath and Mr. Younger, with Plaintiff Robin Hurlburt present, Mr. Harvath indicated that he and his client had a problem with Mr. Wallis being present for the deposition because he was the main person who harassed and intimidated Ms. Hurlburt throughout her employment and requested Mr. Wallis be removed from the deposition. Mr. Younger informed Mr. Harvath that he was not willing to remove Mr. Wallis as Defendant's representative.  After hearing this, Mr. Harvath stated very loudly and in front of Ms. Hurlburt and staff employees of McMahon Berger, PC, that Mr. Wallis called Ms. Hurlburt a whore.  Mr. Harvath began to leave and further stated that Defendant is welcome to file a Motion and he will have fun arguing this in front of the Judge.  Mr. Younger then indicated that he intended to make a record before the Court Reporter and invited Mr. Harvath to join him and make a record, to which Mr. Harvath simply refused and stated that he was not going to waste his time (Exhibit 6).

23. Mr. Younger proceeded to make a record (Exhibit 6).

24. Thereafter, Mr. Harvath contacted Mr. Younger restating the reasons for Plaintiff's refusal to participate in her deposition and indicating, **for the first time**, the intention to seek a Protective Order should Defendant not acquiesce to Plaintiff's demand that Mr. Wallis not attend Plaintiff's deposition on behalf of Defendant (Exhibit 7).

25. Mr. Younger responded to the correspondence of Mr. Harvath and very clearly stated that Defendant did not intend to exclude Mr. Wallis from the deposition and provided Plaintiff the opportunity to participate in her deposition on either December 13 or 14 so as to avoid the instant Motion for Sanctions (Exhibit 8).

26. Plaintiff responded by stating "This is inappropriate and unreasonable." and filing a Motion for Protective Order with this Court (Exhibit 9; and Doc. #42).

IV. **LAW AND ARGUMENT**

27. "The court where the action is pending may, on motion, order sanctions if: (i) a party … fails, after being served with proper notice, to appear for that person's deposition." Fed R. Civ. P. Rule 37(d)(1)(A)(i).

28. Further, a party's failure to appear for his/her deposition, after being served with proper notice, "is not excused on the ground that the discovery sought is objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. Rule 37(d)(2).

29. Sanctions for a party failing to attend said party's own deposition without excuse "may include any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).  Instead of or in addition to these sanctions, the court **must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees caused by the failure**, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. Rule 37(d)(3) (emphasis added).

30. Rule 37(b)(2)(A)(i)-(vi) provides that sanctions may include:

   i. Directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;

   ii. Prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

   iii. Striking pleadings in whole or in part;

   iv. Staying further proceedings until the order is obeyed;

   v. Dismissing the action or proceeding in whole or in part;

   vi. Rendering a default judgment against the disobedient party;…

 31. Plaintiff, after being served with proper notice, refused to appear at her own deposition on December 12, 2018.

 32. Plaintiff's stated reasons for refusing to appear at her deposition were frivolous and contradictory to the pleadings and discovery in this case. Specifically, Plaintiff indicated, through her attorney, that she refused to appear at her deposition because Mr. Wallis was present on behalf of the Defendant and that Mr. Wallis was the main harasser and intimidator and called Plaintiff a whore and said Plaintiff should f*ck an icicle (Exhibit 7). However, written discovery and the pleadings in this matter are devoid of any allegations of harassment or intimidation by Mr. Wallis (Docs. #1 and #31; Exhibits 1 and 3). Further, Plaintiff's claims do not include a claim of harassment and any such evidence has been determined by the court to be nothing more than background or contextual information (Doc. #31).

 33. At no time between receiving the Notice of Deposition on November 30, 2018, and leaving the offices of McMahon Berger, PC at approximately 9:00 a.m. on December 12, 2018, did Plaintiff's counsel ever request the issue be brought before the Court or that he would seek a Protective Order (Exhibit 6). In fact, Mr. Harvath simply said his client was not participating in the deposition and on his way out stated "you can file a motion if you want I will have fun discussing this in front of the Judge." (Exhibit 6). In response to the invitation to make a record on the issue, Mr. Harvath simply said "No, I'm not going to waste my time." (Exhibit 6)

 34. Plaintiff and Mr. Harvath had multiple options to handle this situation in a more professional manner and without flagrantly violating the rules of civil procedure. For example, they could have proceeded with the deposition and addressed any inappropriate conduct of Mr. Wallis, if any, which occurred during the deposition at that time. They could have contacted the Court immediately prior to the deposition to seek a protective order by telephone. They could have

addressed any concerns Plaintiff may have had with the attendance of Mr. Wallis at the deposition with counsel for Defendant at any time prior to December 12, 2018, and if unsuccessful in reaching a resolution, timely filed a Motion for Protective Order. They could have made a record when invited which may have allowed the attorneys to address the issue in a constructive manner and proceed with the deposition as scheduled. Instead, Plaintiff and Plaintiff's counsel simply decided to make a scene in defense counsel's public lobby and leave without being deposed.

35. To the extent Plaintiff now contends that he had no reason to even suspect Mr. Wallis may be Defendant's representative at Plaintiff's deposition, said contention is simply specious at best. Mr. Wallis was identified as Plaintiff's supervisor at the time of her termination and as having input into the decision to terminate Plaintiff and as being present when Plaintiff was terminated. Plaintiff's claims involve her termination! For Plaintiff's counsel to even suggest that he could not even imagine Mr. Wallis being present is absurd.

36. Further, to the extent Plaintiff contends that Defendant should have recognized the potential fear and discomfort that Mr. Wallis' presence would cause Plaintiff and made Plaintiff aware of Mr. Wallis' attendance at Plaintiff's deposition prior to the deposition, said contention simply lakes any support. First, Defendant, unlike Plaintiff and her attorney, were never made aware of any allegations of harassment or intimidation allegedly engaged in by Mr. Wallis and had no reason to suspect that Plaintiff may be uncomfortable or in fear. Second, Defendant has absolutely no obligation to identify Defendant's representative prior to the start of the deposition.

37. Finally, IF Plaintiff does in fact contend that Mr. Wallis engaged in harassing and intimidating conduct, it is presumed that both Plaintiff and her attorney were aware of these allegations and had ample opportunity to address the potential of Mr. Wallis being present at Plaintiff's deposition prior to December 12th.

38. Further, immediately prior to leaving the lobby, Plaintiff was overheard asking Mr. Harvath "what was that all about" and Mr. Harvath responding "just get on the elevator." Apparently, not only was Plaintiff not in fear of Mr. Wallis being present, she was not even aware of what Mr. Harvath was talking about or what was actually going on or why her deposition was not being taken that day.

39. After Plaintiff failed to appear for her deposition, in an attempt to avoid the instant Motion for Sanctions, counsel for Defendant offered Plaintiff the opportunity to complete the deposition on either December 12 or 13, or any date that Plaintiff's counsel suggested. Plaintiff's counsel simply refused stating that it is "inappropriate and unreasonable."

40. Counsel for Defendant has spent considerable time appearing for Plaintiff's deposition and exchanging correspondence with counsel for Plaintiff regarding Plaintiff's failure to appear and preparing the instant Motion and the Response to Plaintiff's Motion for Protective Order filed after the fact. Defendant has incurred costs of the Court Reporter. All of these costs and attorney fees are the result of Plaintiff's failure to appear at her properly noticed deposition.

41. Plaintiff was in no manner justified in failing to appear for her properly noticed deposition and Defendant is entitled to an award of sanctions.

WHEREFORE, for the reasons set forth herein, Defendant moves this Court to issue its Order Sanctioning Plaintiff in the form of Granting Defendant's previously filed Motion to Strike, which was previously Denied subject to reconsideration, in its entirety; and Awarding Defendant reasonable attorney fees and costs incurred with the appearance at Plaintiff's deposition as scheduled, the filing and argument of the instant motion, the filing and argument of Plaintiff's Motion for Protective Order, and all correspondence associated with said failure to appear on the part of Plaintiff, together with any further Orders this Court deems proper.

Respectfully submitted,

McMAHON BERGER, P.C.


 /s/ Robert D. Younger
Thomas O. McCarthy, #22636MO
Robert D. Younger, #42909
2730 North Ballas Road, Suite 200
St. Louis, MO 63131-3039
(314) 567-7350 - Telephone
(314) 567-5968 – Facsimile

Attorneys for Defendant

## CERTIFICATE OF SERVICE

 I hereby certify that on the 13th day of December, 2018, a true and correct copy of the foregoing was served via the Court's electronic filing system addressed as follows:

Daniel E. Harvath
75 W. Lockwood
Webster Groves, MO 63119
dharvath@harvathlawgroup.com


                /s/ Robert D. Younger