## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ROBIN HURLBURT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:17-cv-02733 |
| v. ) | |
| ) | |
| LOHR DISTRIBUTING CO., INC., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SANCTIONS AGAINST PLAINTIFF ROBIN HURLBURT AND/OR ATTORNEY DANIEL HARVATH FOR WILLFULLY FAILING TO APPEAR FOR PLAINTIFF'S DEPOSITION**

COMES NOW, Defendant, Lohr Distributing (hereinafter, "Defendant"), by and through undersigned counsel, pursuant to Rules 37(d) Federal Rules of Civil Procedure and as it's Reply in Support of Defendant's Motion for Sanctions against Plaintiff Robin Hurlburt and/or attorney Daniel Harvath for willfully failing and refusing to appear at Plaintiff's deposition, states as follows:

So as not to belabor the issue at hand, the undersigned simply states that Plaintiff's Response in Opposition to Defendant's Motion for Sanctions and Reply in Support of Plaintiff's Motion for a Protective Order, including the attached Affidavit of Robin Hurlburt, is a contrived fabrication simply designed to cover up Plaintiff's counsel's inappropriate and sanctionable conduct. The statements contained therein, if not so false and pejorative, would actually be laughable. Quite simply, the response to Counsel's request to remove Mr. Wallis from the deposition was simply "No." At no time during the exchange did the undersigned "lose it". Further, the undersigned never "demanded" anything from Plaintiff or her attorney. It was only in

1

response to Counsel's flippant remark that he would enjoy talking to the judge about this matter that the undersigned advised counsel that he intended to make a record if counsel would like to participate. Counsel, as he is well aware, could have made a record without Plaintiff being present. Instead, he chose to scoff at the idea indicating it would be a waste of his time. Plaintiff and her counsel chose to avoid the deposition without excuse in violation of the rules of civil procedure and said conduct is subject to the appropriate sanctions.

Further, the undersigned does not contend that Plaintiff or her attorney knew who Defendant's representative was going to be at Plaintiff's deposition. In fact, it does not matter! Plaintiff and her attorney do not get to participate in the selection of Defendant's representative. The exhibits and "ramblings" referred to by Plaintiff's counsel merely point out two undeniable facts. First, nowhere in the Complaint or First Amended Complaint does it allege that Mr. Wallis engaged in any inappropriate or harassing conduct. Second, nowhere in Plaintiff's responses to written discovery does Plaintiff identify Mr. Wallis as an alleged harasser. This, coupled with the fact that there exists no allegations of threats of violence or physical harassment on the part of any employee of Defendant, including Mr. Wallis, requires this Court Deny Plaintiff's Motion for Protective Order seeking to exclude Mr. Wallis from the deposition. Said Motion lacks any evidentiary support and, if granted, would severely prejudice Defendant in this matter.

WHEREFORE, for the reasons more fully stated in Defendant's Motion for Sanctions together with the information set forth herein, Defendant prays this Court Grant Defendant's Motion for Sanctions in its entirety and Deny Plaintiff's Motion for a Protective Order, together with any such other and further orders this Court deems just and proper.

                        Respectfully submitted,

                        McMAHON BERGER, P.C.

                        /s/ Robert D. Younger
                        Thomas O. McCarthy, #22636MO
                        Robert D. Younger, #42909
                        2730 North Ballas Road, Suite 200
                        St. Louis, MO  63131-3039
                        (314) 567-7350 - Telephone
                        (314) 567-5968 ó Facsimile

                        Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of December, 2018, a true and correct copy of the foregoing was served via the Courtøs electronic filing system addressed as follows:

Daniel E. Harvath
75 W. Lockwood
Webster Groves, MO 63119
dharvath@harvathlawgroup.com

                        /s/ Robert D. Younger