UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ROBIN HURLBURT,          )
                         )
        Plaintiff,       )
                         )
v.                       )     No. 4:17 CV 2733 JMB
                         )
LOHR DISTRIBUTING CO., INC., )
                         )
        Defendant.       )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Robin Hurlburt's ("Plaintiff") Motion for Protective Order (ECF No. 42) and Defendant Lohr Distributing Co., Inc.'s ("Defendant") Motion for Sanctions Against Plaintiff Robin Hurlburt and/or Attorney Daniel Harvath for Willfully Failing to Appear for Plaintiff's Deposition (ECF No. 43).[1]  Plaintiff seeks a protective order from the Court requesting that Corey Wallis ("Wallis"), Defendant's corporate representative, be precluded from attending her deposition.  Defendant seeks sanctions for Plaintiff's failure to appear at her deposition, including attorney's fees and costs incurred in attending the deposition and preparing its motion as well as have the Court grant its previously filed motion to strike.[2]

---

[1] The correspondence and some of the pleadings filed by the parties in connection with the pending motions includes language that is unnecessary and unhelpful in resolving the issues before the Court.  While the stakes in litigation can be significant and personal to the parties, the Court expects that counsel will remain professional and adhere to basic standards of civility and decency.

[2] On August 15, 2018, the Court denied Defendant's motion to strike, subject to reconsideration. Defendant moved to strike from the Complaint paragraphs 7-65 and portions of paragraphs 83, 85, 91-92, and 116, referencing her dismissed claims and untimely claims as immaterial, scandalous and otherwise unrelated to the remaining claims.

1

**I.    Background**

Plaintiff's suit alleges claims of age discrimination under the Age Discrimination in Employment Act (Count I) and sex discrimination under Title VII of the Civil Rights Act of 1964 (Count II).  In the First Amended Complaint ("FAC"), in general, Plaintiff alleges workplace intimidation on the part of Defendant and its employees, and the only allegation specifically directed to Wallis is as follows:  "On February 6, 2017, Plaintiff returned to work, was called into Cory [*sic*] Wallis' office, and was subsequently terminated from her job."  ((ECF No. 31 at ¶ 61)  The FAC includes numerous factual allegations of alleged harassment and intimidation, including that Plaintiff being routinely harassed and verbally abused by Terry Moore ("Moore"), her supervisor; Moore ordering Plaintiff to shut up and leave after asking too many questions while doing her job; Moore allegedly threatened Plaintiff and told her that she "can always lay on [her] back to make some extra money" and that "if [he] were a woman, [he] would be a prostitute;" Moore asked Plaintiff if she "was going to keep her f*ck partner;" staff members remarking that Plaintiff wanted to have sex with an icicle; and Daulton Morrison ordering Plaintiff to "move [her] old ass" and calling her "stupid and old."  (Id. at ¶¶ 14, 15-16, 35-38, 48, 49, 50, 51)

Interrogatory Number 6 asked Plaintiff to "describe in detail and separately each and every incident where Plaintiff claims she was discriminated against on the basis of her sex, including, but not limited to, a description of the discriminatory act or omission, the date(s) and individual(s) involved, and identify any witnesses thereto."  (ECF No. 43-1 at 7)  Interrogatory Number 7 asked Plaintiff to "describe in detail and separately each and every incident where Plaintiff claims she was discriminated against on the basis of her age, including, but not limited to, a description of the discriminatory act or omission, the date(s) and individual(s) involved, and

identify any witnesses thereto." (Id. at 8) Interrogatory Number 8 asked Plaintiff to "describe in detail and separately each and every incident of alleged harassment which Plaintiff alleges she was subjected to during her employment with Defendant, including but not limited to, the date(s), the individual(s) involved and the identity of any witnesses thereto." (Id.) In Response to Interrogatory Numbers 6, 7, and 8 in Defendant's First Set of Interrogatories, Plaintiff objected to the interrogatories by answering that the interrogatories were "overly broad, unduly burdensome, and responsive information is contained in, or can be derived from, Plaintiff's Complaint" against Defendant. (Id. at 7-8)

In response to defense counsel's golden rule letter requesting that Plaintiff provide a description of each alleged action and not "hide behind the general allegations of Plaintiff's Complaint," Plaintiff answered that she "provided that responsive information is contained in, or can be derived from Plaintiff's Complaint" and withdraws her objections, and "has no further information to supplement her previous response[s]." (ECF No. 43-3 at 2) Plaintiff further answered by noting "that what is provided in her response[s] is what she recalls; she does not concede that there were no other instances of, *inter alia*, harassment, only that she has provided the instances she can readily recall." (Id.) In Defendant's Answers to Plaintiff's First Interrogatories, Defendant identified Corey Wallis as one of the individuals who had input in the decision to terminate Plaintiff. (ECF 43-4 at 4)

Plaintiff's deposition was scheduled to take place on December 12, 2018. (ECF No. 45-1) On that date, Plaintiff discovered Defendant had designated Wallis to attend her deposition as a corporate representative. Before Plaintiff's deposition started, Plaintiff's counsel indicated that he and his client had a problem with Wallis being present for the deposition because Wallis was the main person who harassed and intimidated Plaintiff during her employment and requested

3

Wallis be removed from the deposition. (ECF No. 42) Plaintiff asserts that Wallis "was the most aggressive and hostile toward [her], and repeatedly sexually harassed and demeaned [her] for years while she worked alongside him" and "[a]mong other disgusting acts, [Wallis], in front of multiple other co-workers, called Plaintiff a 'whore.'" (Id.) Plaintiff also asserts that Wallis remarked that she to go "outside to have sex with an icicle." (Id.) Her counsel assured Plaintiff that she could seek a protective order from the Court barring Wallis' presence from her deposition. (Id.) Her counsel asked defense counsel whether he would be willing to proceed without Wallis present, but defense counsel refused and requested that Plaintiff and her counsel enter the conference room to make a record.[3] Plaintiff's counsel refused to stay and make a record.

---

[3] Defense counsel made the following record:

> We noticed up the deposition of Ms. Hurlburt for nine a.m. this morning…. Mr. Harvath and his client … were both in my lobby, asked to speak with me, I went out. Mr. [Harvath] indicated that they had a problem with the Defendant's corporate representative … , that is Corey Wallis. Specifically he said that Mr. Wallis is the alleged harasser, made the work environment intimidating for his client, and specifically called her a whore. And asked if I would get Mr. Wallis out of the deposition. At which point I stated, "No, I will not." He then, turned around, started walking to the elevator, said, "See you later. You can file a motion if you want…." I offered Mr. Harvath the opportunity to come in here to the conference room without his client or with his client, either one. I informed him that I was going to make a record, and he declined, said no, he wasn't going to make a record, and he declined, said no, he wasn't going to waste his time. At which point, I came back in the conference room and began making this record. At this point in time we will suspend the deposition, file a motion for sanctions, and file a motion to hold both Mr. Harvath and his client in contempt of court for failing to appear at her deposition without any reason or cause. And specifically, solely for the purpose of their attempt and desire to control who Defendant can have as a corporate representative an attend depositions or court hearings or anything else on behalf of the Defendant. So that is what we intend to do. They have now left the building. So we will close this record for now and file our motion with the Court.

(ECF No. 43-6 at 5-6)

After refusing to proceed with Plaintiff's deposition, in an email to defense counsel, Plaintiff's counsel restated Plaintiff's reasons for refusing to participate in her deposition that day with Wallis present, noting that defense counsel should have known that Plaintiff would object to Wallis' attendance because Wallis "was one of, if not the primary individual that sexually harassed and intimidated my client for years while working at Lohr." (ECF Nos. 43-7 and 45-3) Plaintiff's counsel questioned whether Wallis was a decision maker for Lohr, and why Wallis would observe a witness deposition in this matter. (Id.) Plaintiff's counsel indicated that he would seek a protective order barring Wallis from attending Plaintiff's deposition should Defendant not acquiesce to his request. (Id.)

In response, defense counsel noted that "Plaintiff NEVER made Defendant aware of these allegations inasmuch as Mr. Wallis has never been identified as an alleged harasser and/or as an individual who in some manner intimidated Plaintiff in the Complaint or the First Amended Complaint or Plaintiff's Answers to Interrogatories…. If the allegations have changed or Plaintiff has a better recollection of the alleged facts, Defendant was never made aware of these developments and, clearly, Plaintiff has failed to satisfy her obligation to supplement discovery responses in a timely manner." (ECF Nos. 43-8 at 1 and 45-4 at 1) Defense counsel pointed out that the word "whore" is not in any pleading or discovery in this case and the alleged icicle comment was allegedly made by staff members. (Id.) Defense counsel explained that Wallis had been selected as Defendant's choice as corporate representative because he had been identified in Defendant's Answers to Interrogatories as an individual who had input into the decision to terminate Plaintiff, was her supervisor at the time of her termination, and was present when Plaintiff was terminated. (Id.) Defense counsel indicated that he did not intend to exclude Wallis from Plaintiff's deposition and offered additional dates for Plaintiff's deposition or for

Plaintiff's counsel to suggest proposed dates and indicated that he intended to file a motion for sanctions for Plaintiff's failure to appear at a properly noticed deposition if Plaintiff's deposition was not rescheduled immediately. (Id.)

In response, Plaintiff's counsel indicated that he had filed a motion for protective order and counsel's threatening "'sanctions' because I wanted an opportunity to seek relief from the Court is absurd." (ECF Nos. 43-9 and 45-5)

After Defendant filed its motion for sanctions, Plaintiff's counsel in an email alleged that defense counsel made blatantly false misrepresentations to a federal court and accused defense counsel of lying to the Court. (ECF No. 44-1)

## II. Motions for a Protective Order (ECF No. 42) and for Sanctions (ECF No. 43)

### A. Motion for a Protective Order (ECF No. 42)

In her motion for protective order, Plaintiff requests that the Court enter an order excluding Wallis from attending her deposition. (ECF No. 42) In support, Plaintiff argues that she is intimidated and afraid of Wallis "because of the years of hostile sexual discrimination and crude remarks Mr. Willis[*sic*] made." (ECF No. 42) Plaintiff contends that she "is unable to give testimony in any fair, calm, or reflective manner with Mr. Willis[*sic*] sitting across the table from her; [she] will be embarrassed, oppressed, and frightened if she is forced to give testimony with Mr. Willis[*sic*] in the same room; to force her to do so, when dozen of other individuals could appear on behalf of Lohr, would cause great and unnecessary burden and result in a miscarriage of justice." (Id.) Plaintiff further contends that her "fear and feelings of intimidation by Mr. Willis[*sic*] presence will be magnified and especially detrimental to her ability to testify in light of Mr. Willis[*sic*] being a central figure to the activities that [Plaintiff] will be testifying about." (Id.)

6

In response, Defendant argues that there is a legitimate need for Wallis to attend Plaintiff's deposition because Wallis was Plaintiff's supervisor at the time of her termination, and he had input into the decision to terminate Plaintiff and was present when Plaintiff was informed of her termination. (ECF No. 45) Defendant argues that Plaintiff is accusing Wallis of harassment for the first time and thus he needs to hear firsthand her new allegations against him to permit Defendant to defend itself in this litigation. Defendant notes there are other ways to address Plaintiff's concerns, including appointing a discovery commissioner or proceeding with the deposition and if Wallis engages in any inappropriate conduct, Plaintiff can suspend the deposition and address the issue with the Court.

In reply Plaintiff argues that there is "an extremely ugly history between the two, Mr. Wallis scares and intimidates Plaintiff to the extent that it would be an injustice to force Plaintiff to be questioned with Mr. Wallis sitting in the same room, directly across the table from her." (ECF No. 46) Plaintiff asserts that regardless of what the discovery shows, her affidavit establishes that she is afraid of and intimidated by Wallis. (Id.) Plaintiff asserts that neither she nor her counsel anticipated Wallis would be attending her deposition. Plaintiff requests that the Court enters a protective order precluding Wallis from being present at her deposition and award Plaintiff the costs and attorney's fees she has expended in responding to Defendant's motion for sanctions. (Id.)

In her affidavit in support of the motion for protective order in opposition to the motion for sanctions, Plaintiff avers that "Wallis, during the time I worked at Lohr, was the most aggressive and hostile towards me, and repeatedly, sexually harassed and demeaned me for years" and in front of numerous co-workers "called me a 'whore' on one occasion" and told a group of co-workers that I wanted to go "outside to have sex with an icicle." (ECF No. 46-1 at

7

¶¶ 4-6) In addition to these remarks, Plaintiff avers that Wallis leered at me "in a way I find sexually-suggestive and intrusive." (Id. at ¶ 10) Plaintiff further avers that she is afraid of and intimidated by Wallis, and she would be unable to concentrate and give accurate answers to deposition questions in the presence of Wallis. (Id. at ¶¶ 7, 9)

### B. Motion for Sanctions Against Plaintiff Robin Hurlburt and/or Attorney Daniel Harvath for Willfully Failing to Appear for Plaintiff's Deposition (ECF No. 43)

In its Motion for Sanctions Against Plaintiff Robin Hurlburt and/or Attorney Daniel Harvath for Willfully Failing to Appear for Plaintiff's Deposition (ECF No. 43), Defendant moves the Court to award sanctions against Plaintiff and/or her attorney for willfully failing and refusing to appear at her deposition. Defendant argues that although Plaintiff made specific allegations of being harassed by various employees of Defendant during her employment in the FAC, Plaintiff failed to allege any inappropriate conduct or comments, harassing behavior and intimidating conduct on the part of Wallis directed to and in her presence and so Defendant had no reason to suspect any issue with Wallis' presence at her deposition as Defendant's corporate representative. Defendant notes that Wallis' name appears once in the FAC when Plaintiff alleges her termination by Defendant and that the word icicle appears once in the FAC when she alleges that staff members remarked that Plaintiff wanted to have sex with an icicle. Defendant argues that Wallis, as Plaintiff's direct supervisor at the time of her termination with input into the decision to terminate Plaintiff and being present at the time of her termination, has a legitimate basis to be present on behalf of Defendant at her deposition. Defendant contends that sanctions, including reasonable expenses, attorney's fees, and costs of the court reporter, should be awarded because Plaintiff failed to appear for her deposition, after being served with proper notice. Defendant argues that Plaintiff's reasons for refusing to appear at her deposition are not supported by either the pleadings or the discovery in this case because the pleadings and written

discovery are devoid of any allegations of harassment or intimidation by Wallis.  Moreover, Defendant asserts that Plaintiff's counsel never requested assistance from the Court or indicated that he would seek a protective order until after refusing to proceed with Plaintiff's deposition and leaving the site of the deposition.  Defendant argues that Plaintiff was not justified in failing to appear for her deposition and so sanctions, including reasonable attorney fees and costs incurred with the appearance at Plaintiff's deposition as scheduled, the briefing of the pending motions, and correspondence associated with Plaintiff's failure to appear, as well as granting Defendant's previously filed motion to strike.

In a Supplemental Memorandum in Support of Defendant's motion for sanctions, Defendant attaches an email from Plaintiff's counsel wherein counsel questions whether defense counsel "completely manufactured" "a number of items."  (ECF No.44)  Specifically, Plaintiff's counsel denied saying he would have fun discussing a motion for sanctions before the Court and the conversation with his client as they boarded the elevator.  (ECF No. 44-1)  In support, Defendant filed the sworn affidavit of Bonnie Dreppard, an employee at McMahon Berger, PC, who has firsthand knowledge about Plaintiff's counsel comments and the exchange with his client in the lobby of the firm.  (ECF No. 44-2)

In Opposition, Plaintiff asserts that "Plaintiff merely wanted an Opportunity to seek this Court's guidance as to the exclusion of just one individual from Plaintiff's deposition."  (ECF No. 46)  Plaintiff argues that "[d]efense counsel cannot seem to accept that Plaintiff and her counsel were legitimately surprised and alarmed to see the one person with the most horrendous personal history with Plaintiff apparently salivating at an opportunity to stare her down across an office table and thus desired an opportunity to seek this Court's protection to prevent such unjust circumstances."  (Id.)  Plaintiff contends that she is afraid and intimidated by Wallis even though

this is not "specifically noted in previous discovery" and cites to her affidavit as support of her alleged fear of Wallis.

In Reply, Defendant argues that Plaintiff's responsive pleadings are "contrived fabrication simply designed to cover up Plaintiff's counsel's inappropriate and sanctionable conduct." (ECF No. 47) Defendant contends that "Plaintiff and her counsel chose to avoid the deposition without excuse in violation of the rules of civil procedure and said conduct is subject to the appropriate sanctions." (Id.) Defendant admits that neither Plaintiff nor her counsel knew who Defendant's corporate representative would be at her deposition and that they are not entitled to participate in the selection of Defendant's corporate representative. Defendant notes that nowhere in the FAC or in Plaintiff's responses to written discovery responses has Plaintiff identified Wallis as an alleged harasser. Likewise, Defendant assert that there are no allegations of threats of violence or physical harassment on the part of any employee of Defendant so Defendant believes that the Court should deny Plaintiff's motion for protective order seeking to exclude Wallis from her deposition. Defendant argues that there is no evidentiary support for the motion for protective order and, if granted, Defendant would be severely prejudiced.

## III.  Legal Standards

Rule 26(c)(5) states: "Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden of expense, including one or more of the following: … that discovery be conducted with no one present except persons designated by the court;…" Fed. R. Civ. P. Rule 26(c)(5). It is clear that under Rule 26(c)(5) the Court has the authority to

limit who may attend depositions even to the exclusion of parties to the suit. See 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, §2041 (3d ed. 2010). However, "protective orders pursuant to Rule 26(c) should be sparingly used and cautiously granted." Gioioso v. Thoroughgood's Transport, LLC, 2017 WL 3726028, at *1 (D. Md. Aug. 28, 2017) (citation omitted).

Rule 26(c)'s requirement of a showing of good cause to support the issuance of a protective order indicates that "[t]he burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." Fed. R. Civ. P. Rule 26(c). In order to show good cause, "the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted." Buehrle v. City of O'Fallon, MO, 2011 WL 529922, at *2 (E.D. Mo. Feb. 8, 2011). "Because of liberal discovery and the potential for abuse, the federal rules 'confer[] broad discretion on the [district] court to decide when a protective order is appropriate and what degree of protection is required.'" Misc. Docket Matter No. 1 v. Misc. Docket Matter No. 2, 197 F.3d 922, 925 (8th Cir. 1999) (quoting Seattle Times Co. v. Rhinehart, 467 U.S. 30, 36 (1984)).

Pursuant to Rule 37(d), the court may impose sanctions directly, without first issuing an order to compel discovery where "a party … fails … to appear before the officer who is to take his deposition after being served with a proper notice…." Fed. R. Civ. P. Rule 37(d). "A district court has wide latitude in imposing sanctions for failure to comply with discovery." Farnsworth v. City of Kansas City, 863 F.2d 33, 34 (8th Cir. 1988). Under Rule 37, a court must impose sanctions and order reasonable fees and expenses paid when a party fails to obey a discovery order or to appear for a deposition. Rule 37(d)(3) provides that types of sanctions for failing to

11

attend a deposition can include those listed in Rule 37(b)(2)(A)(i)-(vi), which are: designating certain facts to be deemed admitted; prohibiting a disobedient party from introducing designated evidence; striking pleadings in whole or in part; staying proceeding until a discovery order is obeyed; dismissing an action or entering a default judgment; or treating as contempt of court the failure to obey an order relating to discovery. Rule 37(d)(3) also provides that "instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

## IV. Discussion

### A. Motion for a Protective Order (ECF No. 42)

The burden is on Plaintiff as the movant seeking a protective order to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements. See 8A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2035. See also, e.g., Harwood v. Ferguson Advantage Imports Isuzu-Subaru-KIA-Suzuki, L.L.C., 2010 WL 3239368, at *1-2 (N.D. Okla. Aug. 16, 2010) (unpublished opinion) (denying employment discrimination plaintiff's request for protective order barring defendant's General Manager and plaintiff's former supervisor from attending plaintiff's deposition; Fed. R. Civ. P. 615 does not apply to automatically exclude witnesses upon deponent's request; plaintiff's allegation that she would be intimidated by their presence was insufficient to warrant a protective order under Rule 30(c), because it was unsupported). On the record before the Court, Plaintiff has not provided any valid legal basis to disqualify Wallis from attending her deposition. Nor has Plaintiff shown good cause under Rule

26(c)(1) for excluding Wallis from her rescheduled deposition.  See Pippen v. Georgia-Pacific, LLC, 2008 WL 11336412, at *3 (N.D. Ga. Oct. 3, 2008) ("A generalized discomfort with a potential witness being present during a deposition does not amount to the good cause necessary for the issuance of a protective order.").

Although Plaintiff submitted an affidavit in support of her motion for protective order, the written discovery in this case and the allegations in the FAC tend to undermine and contradict the averments in her affidavit regarding Wallis sexually harassing, intimidating, or threatening Plaintiff.  See, e.g., Chavis Van & Storage of Myrtle Beach, Inc. v. United Van Lines, LLC, 784 F.3d 1183, 1189 (8th Cir. 2015) (requiring the non-movant to "meet proof with proof" by challenging or contradicting testimony provided by movant); Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361, 1365 (8th Cir. 1983) (holding that a secretary's affidavit could not be used to contradict her boss' deposition testimony).  Plaintiff's naked assertions in her affidavit, without any support whatsoever, are insufficient to establish Plaintiff's fear and intimidation by Wallis thereby justifying the relief she now seeks.  Plaintiff's affidavit is not consistent with her discovery responses or her allegations in the FAC.[4]

In the FAC, Plaintiff alleges workplace intimidation on the part of Defendant and its employees, but the only allegation specifically directed to Wallis is as follows:  "On February 6, 2017, Plaintiff returned to work, was called into Cory [*sic*] Wallis' office, and was subsequently terminated from her job."  The FAC is devoid of any allegations that Wallis engaged in any inappropriate, threatening, or harassing conduct.  Likewise, in written discovery, Plaintiff never identified Wallis as a perpetrator of any alleged acts of harassment which Plaintiff alleges she was subjected to during her employment with Defendant.  In Defendant's Answers to Plaintiff's

---

[4] Plaintiff never provided a supplementary response or clarification to her interrogatory answers before filing her affidavit.

13

First Interrogatories, Defendant identified Wallis as one of the individuals who had input in the decision to terminate Plaintiff. (ECF 43-4 at 4) Thus, Plaintiff has offered no more than conclusory allegations in her affidavit. Plaintiff's asserted discomfort does not satisfy her burden of demonstrating "annoyance, embarrassment, oppression, or undue burden or expense," or any other "good cause" for a protective order under Rule 26(c)(1). See Grand River Enterprise Six Nations, Ltd. v. Pryor, 2008 WL 806530, at *1 (S.D.N.Y. Mar. 24, 2008). Accordingly, the Court can properly discount Plaintiff's affidavit because her affidavit is contradicted by other objective evidence in the record. See, e.g., Conolly v. Clark, 457 F.3d 872, 876 (8th Cir. 2006) (ruling on a summary judgment motion).

Upon consideration of the foregoing, the Court will deny Plaintiff's motion for protective order. The Court concludes that Plaintiff's asserted discomfort does not satisfy her burden of demonstrating "annoyance, embarrassment, oppression, or undue burden or expense," or any other "good cause" for a protective order under Rule 26(c)(1). The Court will further order counsel to reschedule Plaintiff's deposition, to take place in one of his attorney-client witness rooms. Plaintiff's failure to appear and testify at the rescheduled deposition may result in the imposition of sanctions including the dismissal of the case. Accordingly, the Court finds that Plaintiff has not shown the necessity of the issuance of a protective order.

### B. Motion for Sanctions Against Plaintiff Robin Hurlburt and/or Attorney Daniel Harvath for Willfully Failing to Appear for Plaintiff's Deposition (ECF No. 43)

Defendant requests that it be awarded all fees and costs incurred in preparing for Plaintiff's deposition including the attendance of a court reporter, preparing its motion for sanctions and responsive pleadings to the motion for protective order, and rescheduling Plaintiff's deposition. Defendant argues that Plaintiff and/or her counsel should have to bear the costs from their unjustified unwillingness to proceed with her deposition. After considering both

Defendant's and Plaintiff's arguments, the Court finds that Plaintiff's failure to proceed with her deposition was unjustified. Plaintiff had ample notice of the deposition and could have anticipated Wallis being designated as Defendant's corporate representative.[5] Defendant, as a corporate entity, is allowed to have a corporate representative of its choosing present at Plaintiff's deposition.

According to Rule 37(d), a party's failure to attend her own properly noticed deposition constitutes grounds for sanctions. Fed. R. Civ. P. 37(d). In addition to the nonexhaustive list of sanctions found in Rule 37(b)(2)(A), "the court must also require the party failing to act, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The decision to award sanctions pursuant to Rule 37(d), and the type of sanctions to be awarded for a party's failure to attend its own deposition, is within the court's discretion. See Aziz v. Wright, 34 F.3d 587, 589 (8th Cir. 1994).

In this case, Plaintiff did not file her motion for protective order until after leaving her scheduled deposition. There were several options available to Plaintiff instead of refusing to proceed with her deposition, such as proceeding with her deposition and addressing any inappropriate conduct of Wallis during the deposition; contacting the Court prior to the

---

[5] To the extent Plaintiff argues that she had no reason to suspect Wallis would be Defendant's corporate representative at her deposition, the evidence in the record shows that Wallis had been identified as Plaintiff's supervisor at the time of her termination and as having input into the decision to terminated Plaintiff and as being present at Plaintiff's termination. Defendant has a legitimate reason for Wallis to be present on behalf of Defendant at Plaintiff's deposition. On the record before the Court, there is no basis for Defendant to have been aware Plaintiff's alleged fear and discomfort by Wallis' presence because the FAC is devoid of any allegations concerning Wallis and the discovery produced has not identified Wallis as a harasser or aggressor.

15

deposition that morning and seeking a protective order; or making a record which might have enabled the attorneys to resolve the issue and proceed with the deposition. Plaintiff's counsel has failed to show that the failure to proceed with Plaintiff's properly noticed deposition on December 12, 2018, was substantially justified. In fact, counsel refused to even make a record on the issues.

Plaintiff's failure to proceed with her deposition has halted the progress of the litigation which she initiated and will result in amending the discovery deadline in the Case Management Order. As a sanction for Plaintiff's failed deposition, the Court finds that an award of costs and attorney's fees[6] incurred in the deposition scheduled on December 12, 2018, including the attendance of a court reporter and rescheduling Plaintiff's deposition, are appropriate, as is an order compelling Plaintiff to appear for a deposition or face the dismissal of this action. The award of reasonable attorney's fees and costs will be paid by Plaintiff and her attorney. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Robin Hurlburt's Motion for Protective Order (ECF No. 42) is DENIED.

**IT IS FURTHER ORDERED** that the discovery completion date is extended to February 28, 2019.

**IT IS FURTHER ORDERED** that Defendant Lohr Distributing Co., Inc.'s Motion for Sanctions Against Plaintiff Robin Hurlburt and/or Attorney Daniel Harvath for Willfully Failing to Appear for Plaintiff's Deposition (ECF No. 43) is GRANTED in part and DENIED in part.

---

[6] This award will not include attorney's fees accrued in preparing for Plaintiff's deposition, but only the attorney's fees related to the December 12, 2018, deposition. The Court will not award the requested payment for attorney's fees for time spent preparing for the deposition, because Plaintiff's deposition will be rescheduled and defense counsel's preparation will be used at that time.

16

Counsel for the parties shall confer on a reasonable amount to be awarded and, if there is agreement, shall file on or before February 14, 2019, a stipulation of the costs and fees to be awarded. In the event the parties fail to reach an agreement, Defendant may file on or before February 28, 2019, an application for the award of the costs and fees, accompanied by an affidavit of such costs and fees. Plaintiff shall have until March 8, 2019, to respond to Defendant's application.

**IT IS FURTHER ORDERED** that Defendant's renewed motion to strike is DENIED, subject to reconsideration.

Plaintiff's deposition shall take place within twenty-one days of the date of this Order in the undersigned's attorney-client witness room, 15-4. Counsel for the parties shall contact the Court with the date and time of the deposition. Failure to appear and be deposed within twenty-one days of this Order may result in the dismissal of this action as a sanction for Plaintiff's failure to appear for her second deposition.

**IT IS FURTHER ORDERED** that Defendant's Motion for Hearing on the Record (ECF No. 48) is DENIED AS MOOT as there is no need for oral argument inasmuch as the Court granted in part its motion for sanctions.

Dated this 31st day of January, 2019.

/s/ *John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE